Hade, Judge. —
 

 There are two objections made in this case to the opinion, of the . Court. The first relates
 
 to
 
 testimony offered by the defendant; the second to the charge given to the jury. With respect to the first, I think it is not sustainable. The contract by which it was alleged the parties had settled their disputes, was not committed to writing, and there could be no objection to either party’s showing how their rights stood at the time when such contract was entered into, because by doing jR)> it would more satisfactorily appear whether thoS'e
 
 *181
 
 eights were taken into consideration and included in it. It they were included in the contract, such evidence would not and ought not to have any tendency to invalidate it; if they were not, the contract, as to them," was a nullity, and the evidence was properly allowed.
 

 The other objection is, that the jury were told “ that if the vessel was the property of the defendant, the agree-went to dismiss the suits in Currituck, on a settlement of all transactions between them, did not divest the defendant of his property in the vessel, but that the defendant would be permitted to set up his title whenever he could fairly get the possession.”
 

 This objection I think sustainable, because if the right of the vessel was an item in the settlement of all transactions between them, that right yested in the person to whom that settlement gave it; and was divested out of the other party in case he had a right to it before that ■time. If an agreement is entered into upon a supposition of a doubtful right, it is binding. The compromise of a doubtful right is binding. (1
 
 P.
 
 Wms.
 
 727.
 
 1
 
 Atk.
 
 10. 2
 
 Bl.
 
 448.) If either party should be imposed upon by the fraudulent conduct of the other, the case. wrould be otherwise; such agreement might be set aside for fraud. But as that is not the case here, I think the rule for a row trial should be made absolute.
 

 And of this opinion waa the rest of the Court.
 

 .TdlGMENT REVERSE!}.